UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDITH MCALLISTER-LEWIS, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ROBERT L. LEWIS, DECEASED;<br><br>        Plaintiff,<br><br>vs.<br><br>GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., AN OHIO LIMITED LIABILITY COMPANY; AND THE GOODYEAR TIRE & RUBBER COMPANY, AN OHIO CORPORATION;<br><br>        Defendants. | 4:14-CV-04103-LLP<br><br>AMENDED ORDER<br><br>(MOTION TO COMPEL, DOCKET 22) |

**INTRODUCTION**

This matter is before the court on plaintiff's complaint alleging negligence and products liability theories against the defendants. Plaintiff asserts defendants caused the wrongful death of her husband, her own physical and emotional injuries, and the loss of consortium of her husband along with associated claims for compensatory and punitive damages. See Docket No. 1. The plaintiff moved to compel answers to interrogatories and responses to requests for production of documents. See Docket No. 22. The district court, the Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for decision. In its earlier order, (Docket 31) the court granted in part and denied in part plaintiff's motion to compel, and ordered further briefing on the

following issues:  (A) whether further court intervention was required regarding the privilege log produced by the defendants and the sufficiency of their responses/objections which relied upon the attorney-client privilege; (B) whether further court intervention was required regarding the sufficiency of the defendants' responses/objections which relied upon the trade secret privilege and/or the necessity of the entry of a protective order; and (C) the defendants' duty to produce information in the possession of non-party GDTF in response to plaintiff's discovery requests.  The parties have submitted further briefing and the court now supplements its earlier order.

## DISCUSSION

**A.    Whether defendants[1] have properly invoked attorney-client or work product privilege in response to request for production nos. 11, 24-26 and 39.**

In response to the court's August 17, 1015 Order, Judith explains the defendants produced a privilege log on April 15, 2015 which purports to cover 207 pages of material gathered by a private investigator retained by their predecessor law firm.  See Docket 33 at p. 1 and EX A attached.   Judith does not dispute the sufficiency of the privilege log for the information gathered by the private investigator for the predecessor law firm.  She does, however, dispute the sufficiency of some of the defendants' responses to requests for production for which defendants asserted either attorney-client or work product privilege, and for which no privilege log has been produced.

---

[1] Unless otherwise noted the court refers to the defendants collectively.  They responded to Judith's discovery requests separately but their responses mirrored each other.  Their responses to requests for production which are at issue in this dispute are similar if not identical.

Specifically, Judith attached as EX C and EX E to her original brief (Docket 23) a copy of the defendants' responses to her request for production of documents. She asserts defendants' responses to request for production nos. 11, 24-26 and 39 are insufficient because they assert either attorney-client or work product doctrine, but still have not supported these claims with a privilege log.

> FED. R. CIV. P. 26(b)(5) requires the objecting party to expressly make a claim of privilege and to 'describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the applicability of the privilege or protection.' It also is true that failure to follow the Federal Rules of Civil Procedure may result in a waiver of the attorney-client and/or work product protection. 8 Charles Alan Wright, FEDERAL PRACTICE AND PROCEDURE § 2016. 1 at 228-29 (2d ed. 1994). Although this result is not mandated by the federal rules, the Advisory Committee contemplated the sanction: 'to withhold materials without providing notice as described by Rule 26(b)(5) is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege.' FED. R. CIV. P. 26(b)(5) (advisory committee's note (1993).
>
> Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver.

Sprint Communications Co. v. Vonage Holdings Corp., 2007 WL 1347754 at * 2 (D. Kan., May 8, 2007). In Sprint, the court declined to find a waiver of the privilege because it found no evidence of unjustified delay in producing the privilege log. Id.

### 1. Request for Production No. 11

Judith's request for production of documents no. 11 requests "all documents from January 2000 to the present related to any tire failure analysis conducted on any D402 tire."[2]  The defendants objected to this request in part because "this request seeks information protected by the attorney-client privilege or work product doctrine."  See Docket 23-3 at p. 9.  To date, defendants have not provided a privilege log.

The court finds the defendants' failure to produce a privilege log at an earlier date does not amount to an unjustified delay.  The content of the privilege log could not be assembled because of the parties' fundamental disagreement about the appropriate time frame and which D402 tires were relevant to this litigation.  Until the court ruled on those issues, any attempt to assemble the privilege log in response to request for production no. 11 would have been a wasted effort.  Now, however, it can be done.

Therefore, as to Judith's request for production no. 11, defendants shall, consistent with the parameters described in this and the court's August 17, 2015 Order,  provide a privilege log which complies with FED. R. CIV. P.  26(b)(5) within fourteen (14) days of the entry of this order.  Failure to do so shall result in a waiver of the privileges asserted in the defendants' responses.

---

[2] The defendants also objected to this request based on their claim it was overbroad because of the time frame and the scope of the type of tires about which it sought information.  In its August 17, 2015 order (Docket 31), the court limited the scope of this request by limiting the time frame the defendants must produce documents to January 1, 2002 through August 7, 2012 and the tires for which information must be produced to D402 MT90B16 and D402 MU85B15 rear tires, regardless of where they were manufactured.

**2. Request for Production No. 24.**

This request for production seeks statements "given to some other person or entity other than [your] attorney or insurer . . ."  One of the bases upon which the defendants object to this request for production is that it seeks information protected by the attorney-client and work product doctrine.  They explain "other than information protected by the attorney-client privilege and work product doctrine," they are not in possession of any such statements.  This answer implies the defendants <u>are</u> in possession of documents responsive to the request, but they are withholding them because they are protected by the attorney-client privilege or work product doctrine.

As to Judith's request for production no. 24, defendants shall produce a privilege log in compliance with FED. R. CIV. P. 26(b)(5).  Failure to do so within fourteen (14) days of the entry of this order will result in a waiver of the privileges asserted in the defendants' responses.

**3. Request for Production No. 25**

This request seeks statements of witnesses to the occurrence or persons purporting to have knowledge of the issues in this case.  Again, the defendants object based on attorney-client privilege and the work product doctrine.  They explain "other than information protected by the attorney-client privilege and work product doctrine," they are not in possession of any such statements.  This answer implies the defendants <u>are</u> in possession of documents responsive to the request, but they are withholding them because they are protected by the attorney-client privilege or work product doctrine.

5

As to Judith's request for production no. 25, defendants shall produce a privilege log in compliance with FED. R. CIV. P. 26(b)(5). Failure to do so within fourteen (14) days of the entry of this order will result in a waiver of the privileges asserted in the defendants' responses.

**4. Request for Production No. 39.**

Request for production no. 39 asks the defendants to produce "all documents, exhibits, or any other tangible evidence not previously produced which you intend to introduce into evidence or to use at trial." The defendants objected to this request on the basis that it "is premature and violates the attorney work product doctrine." The court agrees.

FED. R. CIV. P. 26(b)(3) provides:

> (3) Trial Preparation: Materials
> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i)   They are otherwise discoverable under Rule 26(b)(1); and
> (ii)  The party shows that it has substantial need for the materials to prepare its case and cannot without undue hardship, obtain their substantial equivalent by other means.

Additionally, Judge Piersol entered a Rule 16 scheduling order in this case (Docket 21) on October 3, 2014. That order sets a trial date of July 12, 2016 and the date for exchanging witness and exhibit lists as thirty days before trial, or June 12, 2016. In the absence of the showing required by FED. R. CIV. P. 26(b)(3), this court will not order the defendants to produce the documents requested by Judith's request for production no. 39 in advance of the date

6

indicated by Judge Piersol's order.  Judith's motion to compel as to request for production no. 39 will be denied without prejudice as to the defendants' required compliance with the terms of Judge Piersol's Rule 16 scheduling order.

**B.     Defendants' trade secret objections—protective order.**

In her original motion, Judith asserted defendants improperly relied upon trade secret or other corporate confidentiality claims without citation to proper authority.  The defendants responded in part that the information Judith requested is a trade secret but that they would produce the requested information for the "subject tire for the subject time frame" after an appropriate protective order was entered by the court.  See Docket 25 at p. 18.

Subsequently, the court defined the subject tire and the subject time frame, and Judge Piersol entered a protective order.  See Docket 30 and 31.  Judith now asserts, however, that the defendants have not yet produced the documents they promised to produce after a protective order was entered .

As to Judith's request for production nos. 6, 7 and 37, the defendants shall within fourteen (14) days of the entry of this order, and subject to the limitations of Judge Piersol's August 6, 2015 protective order and this court's August 17, 2015 order granting in part and denying in part the plaintiff's motion to compel (Docket Nos. 30 and 31), produce the documents requested.

**C.     The defendants' duty to provide information in the possession of Goodyear Tire and Rubber's (indirect) subsidiary, non-party GDTF.**

Finally, Judith asserts the defendants have improperly resisted producing information which she claims should be discoverable because it is

7

within the defendants' custody or control pursuant to Rule 34.  Specifically, the defendants assert they should not be required to produce information which is in the possession of Goodyear Tire and Rubber's "indirect subsidiary," non-party GDTF.  See, Docket 23-2,  p. 2, Docket 23-3, p. 2, Docket 23-4, p. 2, Docket 23-5, p. 2 (all objecting to Judith's definition of the terms "Goodyear," "Yourself," and "Your," as overbroad and unduly burdensome because it is defined as including "directors, shareholders, officers, agents, owners, parents, subsidiaries and affiliates.")   The defendants  profess their answers are made "on behalf of itself and not any other person or entity."  See, Docket 23-2,  p. 2, Docket 23-3, p. 2, Docket 23-4, p. 2, Docket 23-5, p. 2.

That discovery is not within a party's immediate possession does not mean the discovery is off-limits.  Rule 34 allows discovery of documents and tangible things in a party's possession, "custody" or "control."  See FED. R. CIV. P. 34(a)(1).  If a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34.  See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, § 2210, at 397 (2d ed. 1994).  "Legal ownership is not determinative of whether a party has custody, possession or control of a document for purposes of Rule 34." Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992).   If a party "has the right, and the ready ability, to obtain copies of documents gathered or created by its" agents pursuant to work done for the party, "such documents are clearly within the [party's] control." American Soc. for the Prevention of Cruelty

to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)). "The party seeking production of documents bears the burden of proving that the opposing party has the control required under Fed. R. Civ. P. 34(a)." Super Film of America, Inc. v. UCB Films, Inc., 219 F.R.D. 649, 653 (D. Kansas, 2004) (citation omitted).

GDTF—though not a named defendant-- is a subsidiary which is 75% owned by defendant Goodyear Tire and Rubber. "A discoveree cannot avoid a proper discovery request by utilizing record keeping which conceals rather than discloses. . . . Furthermore, the non-party status of wholly owned subsidiaries does not shield discoverable documents in their possession from production." In Re: Richardson-Merrell, Inc., 97 F.R.D. 481, 483 (S.D. Ohio 1983) (citations omitted). See also Cormack v. United States, 117 Fed. Cl. 392 (2014). In Cormack, Mr. Corkmack sought production of documents in the possession of "Solystic" a wholly owned but indirect French subsidiary of "Northrup Grumman" the American parent company of both "Solystic" and "Systems," the company from whom Cormack sought production of the documents. Id. at 401.

> Simply stated, the issue is whether Systems can be compelled to produce documents currently in the possession of its parent corporation's foreign indirect subsidiary, a nonparty in this action. RCFC 34(a) provides that a party may serve a request for production of documents 'in the responding party's possession, custody or control.' RCFC 34(a)(1). Control is construed broadly, and it 'does not require that the party have legal ownership or actual physical possession of the documents at issue, but rather

9

>	the right, authority, or practical ability to obtain the documents from a nonparty to the action.'  In essence, the inquiry is whether the party has access to the non-party's documents.

Id.  The court noted factors which influenced whether Systems should be required to produce documents in the possession of Solystic:  (1) corporate structure;[3] and (2) the non-party's connection to the transaction at issue and the degree that the nonparty will benefit from the outcome of the case.  Id. at 403.  Ultimately, the court found that because Systems and Solystic worked closely together to develop the technology which was at the heart of the lawsuit, the collaboration "equips Systems both with access to Solystic's documents and with the requisite power to obtain them, rendering Systems able and required to comply with Mr. Cormack's discovery requests . . ." Id. at 404.

GDTF is not a wholly owned subsidiary but is a 75% owned subsidiary of defendant Goodyear Tire and Rubber.[4]  Defendants have provided the court with further information about the other factors which would allow an informed decision as to the amount of defendants' access to or control over

---

[3] The court noted that this factor is usually dispositive of control when the parent corporation is a party to the lawsuit and the moving party is seeking discovery of the parent's wholly owned subsidiary.  Id. at 403.  If the corporate structure is not dispositive, the moving party must point to additional factors indicative of control before production can be compelled.  Id.  Other factors to consider are:  Common relationships such as ownership of the non-party, overlapping directors, officers or employees or financial relationships that bind the party and the non-party.  Id. at 403, n. 11.  Sufficient control has been found between parent corporations and their wholly owned subsidiaries or "when they own more than 50% of their foreign subsidiary's stock." Id. (citation omitted).

[4] Mr. Miller's declaration provides a more complicated explanation of GDTF's ownership, but the practical end result is the same.

documents in the possession of non-party GDTF.  They have provided the declarations of Anthony Miller (Assistant Secretary of Goodyear Tire & Rubber) (Docket 32-1) and Jay Lawrence (Manager of Product Analysis for Goodyear Tire & Rubber) (Docket 32-2).  Mr. Miller states there are no common directors or officers between Goodyear and GDTF, and there are no common employees between the two entities.  Docket 32-1, ¶ 8-9.  They do not share office space or facilities; Goodyear is based in Akron, Ohio and GDTF is based in Paris, France.  Id., ¶ 10.  Mr. Miller also explains the relationship between defendant GDTNA and GDTF.  Those two companies do not have ownership interests in each other.  Id., ¶ 11.  There are no common directors, officers or employees between them.  Id. ¶ 12.  They do not share offices or facilities.  GDTNA is based in Tonawanda, New York. Id. ¶ 13.

Mr. Lawrence describes Goodyear and GDTNA's access to GDTF's documents.  Docket 32-2.  He explains they do not have physical possession of GDTF's documents but would be required to request that GDTF provide any documents the court orders produced.  Id. at ¶ 3.  They do not share documents with GDTF in the ordinary course of business.  Id. at ¶ 4.  The GDTF documents that have been produced earlier in this litigation were requested by GDTNA from GDTF and GDTF decided whether to provide them. Id. at ¶ 5.

In response to the court's request for further briefing on this issue, Judith reiterates that "Goodyear has already produced documents that it easily obtained from GDTF.  But now Goodyear wants to stand behind that corporate

wall to obfuscate production of material clearly in their possession." See Docket 33 at p. 3. The defendants respond that they have produced some documents in response to earlier document requests does not mean they have sufficient control over GDTF's documents to allow them to produce them should the court *order* them to do so. Defendants also reiterate the "party seeking the documents bears the burden of demonstrating the responding party exercises such control," (citing <u>United States v. Int'l Union of Petroleum & Industrial Workers</u>, 870 F.2d 1450, 1452 (9th Cir. 1989).

The carefully worded declarations of Mr. Lawrence and Mr. Miller indicate the defendants do not share officers, employees or facilities. The court is satisfied that neither Goodyear nor GDTNA share officers, directors, or physical facilities sufficient to make a finding that, based on those factors, either entity has legal possession of GDTF's documents. Mr. Lawrence explains the entities do not share documents a matter of course and the documents which have already been provided were produced because GDTNA asked GDTF for them, and GDTF complied.

The declarations do <u>not</u> clarify whether Goodyear as GDTF's parent company, or GDTNA as the American distributor of tires manufactured by GDTF have the "legal right, authority or ability to obtain upon demand documents in the possession of . . ." GDTF. <u>In Re Application of Hallmark Capital Corp.</u>, 534 F. Supp.2d 981, 982 (D. Minn. 2008). <u>See</u> also <u>Ice Corp. v. Hamilton Sundstrand Corp.</u>, 245 F.R.D. 513, 516-17 (D. Kan. 2007). In <u>Ice Corp.</u> the court held the defendants were sufficiently in control of documents

12

held by a non-party and compelled them to produce the documents.  Id.  at 523.  The court noted that "legal ownership is not determinative of whether a party has custody, possession or control of a document for purposes of Rule 34."  Id. at p. 517 (citing Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992)).  The court cited a party's 'ability to influence the person in whose possession the documents lie,' if the documents could be 'obtained easily' from the third-party source as reason to require production.  Id., (citing Super Film, 219 F.R.D. at 651 (other citations omitted); and Resolution Trust, 145 F.R.D. at 111)).  "Control under Rule 34 [warrants] production where the parties' history, association, and assignments and transactions together show sufficient mutuality, and where the non-party agrees to produce documents at the request of a party."  Ice Corporation, 245 F.R.D. at 518 (citations omitted).[5]

Goodyear, GDTNA or both have at least the practical ability to obtain documents from GDTF "irrespective of [their] legal entitlement to the documents."  Id.   Judith's motion to compel documents from the defendants which refer to GDTF will therefore be granted.

### CONCLUSION and ORDER

Based on the foregoing law, facts and analysis, it is ORDERED that the court's August 17, 2015 order (Docket 31) is amended as follows:  Plaintiff's

---

[5] In Ice Corporation there was a contractual agreement between the defendant and the third party which delineated the third party's obligations to share documents with the defendant. Ice Corporation, 254 F.R.D. at 518.  Whether such a contractual obligation exists between Goodyear and GDTF and/or GDTNA and GDTF and if so, the terms of any such agreement is yet unknown in this case.

motion to compel [Docket No. 22] is granted in part and denied in part as follows:

    (1) In response to plaintiff's interrogatories and requests for Production of documents, defendants shall produce information for the time period beginning on January 1, 2002 and ending on August 7, 2012;

    (2) In response to plaintiff's interrogatories and request for production of documents, defendants shall produce information regarding all D402 MT90B16 rear tires and all D402 MU85B15 rear tires, for the specified time frame, regardless of where they were manufactured;

    (3)   (a) As to plaintiff's request for production no. 11, defendants shall, consistent with the parameters described in this and the court's August 17, 2015 Order, provide a privilege log which complies with FED. R. CIV. P. 26(b)(5) within fourteen (14) days of the entry of this order. Failure to do so shall result in a waiver of the privileges asserted in the defendants' responses.

        (b) As to Judith's request for production no. 24, Defendants shall produce a privilege log in compliance with FED. R. CIV. P. 26(b)(5). Failure to do so within fourteen (14) days of the entry of this order will result in a waiver of the privileges asserted in the defendants' responses.

        (c) As to plaintiff's request for production no. 25, defendants shall produce a privilege log in compliance with FED. R. CIV. P. 26(b)(5). Failure to do so within fourteen (14) days of the entry of this order will result in a waiver of the privileges asserted in the defendants' responses.

        (d) Plaintiff's motion to compel as to request for production no. 39 is DENIED without prejudice as to the defendants' required compliance with the terms of Judge Piersol's Rule 16 scheduling order.

    (4) As to plaintiff's request for production nos. 6, 7 and 37, subject to the limitations of Judge Piersol's August 6, 2015 protective order and this court's August 17, 2015 order granting in part and denying in part the plaintiff's motion to compel (Docket Nos. 30 and 31) the defendants shall produce the documents requested within fourteen (14) days of the entry of this order.

(5) Plaintiff's motion to compel documents from the defendants which refer to non-party GDTF is GRANTED.  Defendants shall produce the documents requested within thirty (30) days of the entry of this order.

DATED this 1st day of October, 2015.

        BY THE COURT:

        */s/ Veronica L. Duffy*
        VERONICA L. DUFFY
        United States Magistrate Judge