UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDITH MCALLISTER-LEWIS, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ROBERT L. LEWIS, DECEASED;<br><br>Plaintiff,<br><br>vs.<br><br>GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., AN OHIO LIMITED LIABILITY COMPANY; AND THE GOODYEAR TIRE AND RUBBER COMPANY, AN OHIO CORPORATION;<br><br>Defendants. | 4:14-CV-04103-LLP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>DOCKET NO. 43 |

This matter is before the court on plaintiff's complaint alleging negligence and strict products liability theories against the defendants for the wrongful death of her husband and her own damages arising out of a motorcycle accident in which plaintiff alleges the cause of the accident was defendants' defective tire. See Docket No. 1. Defendants deny that the tire was defective. See Docket Nos. 12 & 13.

Defendant Goodyear Dunlop Tires North America, Ltd. ("GDTNA") propounded discovery requests to plaintiff asking for seven categories of documents: (1) income tax returns for the years 2012-2015 (plaintiff claims loss in income following the accident); (2) an itemization of plaintiff's medical expenses

associated with injuries from the accident and supporting documentation; (3) the owner's manual for the motorcycle involved in the accident; (4) documents relative to the purchase of the tire involved in the accident; (5) documents relative to the trailer attached to the motorcycle at the time of the accident; (6) documents relative to the maintenance on the accident motorcycle; and (7) the motorcycle bag which was attached to the motorcycle at the time of the accident and any documents relative to this bag. See Docket Nos. 43, 43-1, 43-2, and 43-3.

Although plaintiff responded to these discovery requests by producing some documents, GDTNA asserts that the responses were incomplete. For example, counsel for GDTNA took plaintiff's deposition several months after the discovery requests were served and two months after plaintiff responded to them. See Docket No. 43-4. Plaintiff was asked about her responses to some of the discovery requests during the deposition and plaintiff admitted she may have additional documents, but that she had not checked at home to determine whether she did. Id.

After plaintiff's deposition, counsel for GDTNA contacted plaintiff's counsel and asked that plaintiff produce the missing documents. See Docket No. 43-5. Alternatively, GDTNA asked for a written response from plaintiff confirming she did not possess the documents, if that were the case. Id. Some additional medical records were produced by plaintiff following this inquiry. See Docket No. 43-8. Several months later, counsel for GDTNA inquired again about the status of a response from plaintiff to the other outstanding requests. See Docket No. 43-9. No additional documents were produced by plaintiff.

2

GDTNA filed this motion to compel on February 1, 2016. See Docket No. 43. It was referred to this magistrate judge for resolution. See Docket No. 44. GDTNA asks the court to order plaintiff to produce the documents requested or, in the alternative, to respond in writing that she has made a duly diligent search for the documents and does not have the documents in her possession, custody or control. Id.

If a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34. See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994). Documents are in a party's control if the party "has the right, and the ready ability, to obtain copies of documents gathered or created by" the party's agents. American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Inexplicably, plaintiff has never responded to GDTNA's motion, even though it was served 53 days ago. The court's electronic docketing system indicates GDTNA's motion and accompanying exhibits were electronically sent to plaintiff's three lawyers of record on the same day GDTNA filed the motion. Further, neither party has informed the court the matter has otherwise been resolved.

The court finds GDTNA's requests to be relevant and reasonable. Likewise, GDTNA's desire to have plaintiff verify in writing that she looked for the documents and did not (or did) find them is reasonable. Given the events pertaining to GDTNA's motion—particularly plaintiff's admission at her deposition that she did

3

not conduct a diligent search for many of the categories of documents—GDTNA should not be left to assume that plaintiff's failure to produce a certain category of documents means she does not have them. Finally, the court finds GDTNA made a good faith effort to confer with plaintiff's counsel prior to filing the instant motion in order to attempt to resolve the matter between themselves. Accordingly, good cause appearing, it is hereby

ORDERED that the motion to compel [Docket No. 43] filed by Goodyear Dunlop Tires North America, Ltd. is granted. Plaintiff shall conduct a duly diligent search and, within 30 days from the date of this order, produce all outstanding documents in her possession, custody, or control that are responsive to defendant's requests. For any documents defendant has requested that are not within plaintiff's possession, custody, or control, plaintiff shall file a written statement to that effect under oath and serve it upon defendant within 30 days from the date of this order.

DATED this 24th day of March, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

4