UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAY 19 2017
CLERK

******************************************************************************

| | | |
|---|---|---|
| JUDITH McALLISTER-LEWIS, individually, and as Special Administrator of the Estate of Robert L. Lewis, Deceased, | * * * * | CIV 14-4103 |
| Plaintiffs, | * * | |
| vs. | * * * | MEMORANDUM OPINION AND ORDER RE MOTIONS TO EXCLUDE OPINIONS, DOCS. 66, 68, 70, 79 |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., an Ohio limited liability company; and THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation, | * * * * * * | |
| Defendants. | * * | |

******************************************************************************

Pending before the Court are four Motions to preclude the testimony of various proposed expert witnesses. Doc. 66, and related pleadings, moves to Strike and Exclude Opinions of Defendants' Expert, Kevin Breen. Doc. 68, and related pleadings, is Plaintiffs' Motion to Strike and Exclude the Opinions of Defendants' Expert, Joseph Dancy. Mr. Dancy is also the Rule 30(b)(6) representative for Defendants. Next, Plaintiffs move to Exclude Opinions of Defendants' Expert, Chuck Patrick, Doc. 70, an employee of Defendants. Finally, Defendants in Doc. 79 and related documents move to Exclude the Opinion of one of Plaintiffs' experts, William Woehrle.

A summary of the facts is that Plaintiff Judith McAllister-Lewis was a passenger on the 2003 Harley-Davidson Ultra Classic Electra Glide Motorcycle being driven by her husband, the decedent, Robert L. Lewis. While traveling west on Interstate 90 in South Dakota on August 7, 2010, the rear tire failed. The tire was manufactured by Goodyear Dunlop Tires France ("GDTF"), a non-party. The decedent lost control of the motorcycle and died as a result of the injuries from the resulting

crash. Judith McAllister-Lewis also suffered injuries from the crash. Ms. McAllister-Lewis and her husband were traveling to the Sturgis Motorcycle Rally in western South Dakota and were pulling a two wheel trailer that had a cooler affixed to the tongue of the trailer ahead of the box on the trailer.

## LEGAL STANDARD

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence and the principles set forth by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). As such, a district court is required to determine, as a threshold matter, whether the expert would testify to valid scientific knowledge, and whether that testimony would assist the trier of fact with a fact at issue. Rule 702 "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant but reliable.'" *Kumho*, 526 U.S. at 147, 119 S.Ct. 1167 (quoting *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786). When applying Rule 702, the trial court functions as a "gatekeeper" whose role is "to keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury that it deserves." *DePaepe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998).

To determine the admissibility of expert testimony pursuant to Rule 702, the *Daubert* Court suggested four non-exclusive factors that can be used to assess the relevancy and reliability of an expert's testimony. The facts include:

> (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether the technique has achieved general acceptance in the relevant scientific or expert community.

*Daubert*, 509 U.S. at 593-94, 113 S.Ct. 2786. The list of factors "is not considered to be definitive nor exhaustive, but rather flexible to account for the various types of potentially appropriate expert testimony." *Kumho*, 526 U.S. at 137, 119 S.Ct. 1167.

The initial question is whether the testimony of each of these four expert witnesses is reliable.

In analyzing the reliability of proposed expert testimony, the role of the court is to first determine whether the expert is qualified in the relevant field and if so, only then the Court examine the methodology used by the expert in reaching his conclusions. *Kumho*, 526 U.S. at 153, 119 S.Ct. 1167.

## ARE THE EXPERTS QUALIFIED TO GIVE ANY EXPERT TESTIMONY IN THIS CASE

The qualifications of these four experts do vary. All are in one way or another qualified by experience and training to testify as experts in this case. Witnesses Breen and Woehrle do not have work experience in the actual manufacture of tires. That experience is not necessary in order to testify in this case as there is other training and experience which qualifies those experts to testify. Witness Woehrle has adequate tire training and experience to testify as an expert on tires as well as on accident reconstruction. William Woehrle was also found to be qualified to testify in another motorcycle bias ply tire blow out case. *McLoud v. Goodyear Dunlop Tires North America, Ltd.*, 479 F.Supp.2d. 882 (C.D. Il. 2007).

The tire in question was a bias ply tire as opposed to a radial tire. It has not been shown that general bias ply tire considerations differ significantly from motorcycle bias ply tire application. Accordingly, the Court finds that Woehrle, Patrick and Dancy are qualified by training and experience to give expert opinion regarding the tire involved in bias ply tire failure that is the subject of this lawsuit. Mr. Woehrle and Mr. Breen are both qualified to testify as accident reconstruction expert witnesses.

None of the four experts in question are qualified to nor claim to give adequacy of warning opinions. In most instances, including this case, under applicable South Dakota law, expert opinion is required for negligent failure to warn and strict liability failure to warn cases. *Donat v. Trek Bicycle,* 2016 WL 297436 (D.S.D. 2016). In cases where there is no warning of danger at all, or the warning is patently inadequate, expert testimony on failure to warn might not be necessary. That is not the case here as there are warnings in this case that are not clearly or patently inadequate. There

is some question as to what exactly the warnings were, although the substance of either version is do not pull a trailer behind your motorcycle and pay attention to tire condition and inflation with the tires fully inflated to 40 p.s.i. if heavily loaded and that maximum load is indicated on the sidewall of the tire. There would have to be testimony from a qualified expert explaining how each of the warnings or inadequate warnings included with the tire was the legal cause of the death and injuries. *Burley v. Kytec Innovative Sports Equipment*, 737 N.W. 2d 397, 411 (S.D. 2007).

## METHODOLOGY USED BY THE WITNESSES

The Court will now comment upon the methodology used by each witness and also indicate some areas in which a witness will be precluded from giving an expert opinion.

Dancy, Patrick and Woehrle each used a visual and tactile inspection of the failed tire as the primary basis for his conclusions. This included measurements. An expert can "draw a conclusion from a set of observations based on extensive and specialized experience." *Kumho*, 526 U.S. 137, 156 (1999).

As in *Kumho*, the trial court here has to decide whether these particular experts have sufficient expert knowledge in assisting the jurors in deciding the specific issues in this case. Each of these experts do have sufficient specialized knowledge to assist the jurors in deciding the issues in this case. The Court does not have to determine which opinion is correct. The Court does conclude that there is sound basis for each conclusion. The fact that the experts differ in some conclusions is why we have jurors. The Court has to prevent "junk science" or inadequately supported expert opinions from coming before the jury. The jurors will make their own conclusions as to conflicting facts as well as to conflicting opinions and thus be assisted in reaching their verdict.

<u>Doc. 66. Plaintiffs' Motion to Strike and Exclude Opinions of Defendants' Expert, Kevin Breen.</u>

Mr. Breen is qualified to state his opinions that are his findings as stated on the twelfth page of his report. Although not a part of his Findings, Mr. Breen also stated at the top of page 12 of his report, "In this crash event, the loss of air in the rear tire could have been controlled using proper

driving techniques." There has been an inadequate basis shown for Mr. Breen to state that opinion if he would attempt to do so and he is precluded from testifying to that opinion which the Court views as speculative given the addition of the trailer and its contents in this incident.

In addition, there is an inadequate basis for Mr. Breen to state an opinion as to the adequacy of the warnings as to motorcycles towing trailers. Accordingly, that portion of the motion to strike his testimony is granted. However, what the Harley Davidson Owner's Manual for this motorcycle and the literature for this tire states concerning towing a trailer are facts that can come into evidence.

Mr. Breen has tried to approximate the static weights that were involved. Plaintiffs urge this his recreation is speculative. The attempted recreation is not exact, but that attempt at recreation of the incident will be helpful to the jury. The fact that the weights are approximate and static as opposed to dynamic and also involved estimation as to the amount and location of some of the weights is fertile ground for cross-examination.

Doc. 68. Plaintiffs' Motion to Strike and Exclude Opinions of Defendants' Expert, Joseph Dancy.

Joseph Dancy may state his opinions as expressed in his report. Joseph Dancy also testified in his deposition that the tire in question was manufactured at a facility in France and that the manufacturing process was somewhat different than the process used in Buffalo, New York. That statement was not a part of Mr. Dancy's initial report. However, Mr. Dancy may testify to the manufacturing process used on this tire in France and as a result, his opinion that this tire could not be subject to the defect claimed by Plaintiffs' expert witnesses. Joseph Dancy has not and may not offer any opinions concerning the adequacy of any warnings, no basis by either training or experience having been shown for giving any such opinions.

Doc. 70. Plaintiffs' Motion to Strike and Exclude Opinions of Defendants' Expert, Chuck Patrick.

Plaintiffs object to Mr. Patrick's opinion claiming they are "entirely duplicative of Dancy's opinion." There is a good deal of repetition and cumulative evidence should be avoided at trial. There are other opinions of Mr. Patrick that are not duplicative of Joseph Dancy's opinions and Mr.

5

Patrick can testify as to those opinions. However, Mr. Patrick has shown no basis by either training or experience for providing opinions concerning the adequacy of any warnings and he has not and may not offer expert opinions concerning the adequacy of any warnings.

Doc. 79. Defendants' Motion to Exclude Opinion of Plaintiffs' Expert William Woehrle.

Finally, with regard to Defendant's Motion to Exclude the Testimony of Plaintiffs' expert, William Woehrle, the Motion is denied. Mr. Woehrle qualifies as a tire expert and an accident reconstruction expert. The Motion is based in part upon the fact that Mr. Woehrle initially was not aware that the tire in question was manufactured in a not insignificantly different method by the French facility, Goodyear Dunlop Tires France. The fact that the tire was manufactured in a different method by the French facility was made clear in Joseph Dancy's deposition. Defendants claim that Woehrle should have been aware of that fact from previous discovery disclosures made by Defendants. As a result of that claim by Defendants, they have moved to strike a supplemental affidavit filed by William Woehrle. The Woehrle Affidavit deals with the different French manufacturing process used on this tire. The French manufacturing process is different than the process used to produce this same model tire at the Buffalo, New York plant of a Defendant. Due to the fact that it is not clear to the Court that Mr. Woehrle should have been aware of that different French manufacturing process prior to Joseph Dancy's deposition, the Court denies Defendants' Motion to Strike Mr. Woehrle's Affidavit, which is Doc. 91-2, filed January 19, 2017.

Mr. Woehrle has not and may not offer any opinions concerning the adequacy of any warnings, no basis by either training or experience having been shown for giving any such expert opinions.

The Court recognizes that the rated load capacity for the tire is 908 pounds. FMVSS 119 requires that such a motorcycle tire be durability tested at loads that reach 117% of the rated load capacity and not fail. Mr. Woehrle then opines that even with a load over the rated capacity of 908 pounds, there should not have been a catastrophic failure of the tire. Defense witnesses opine otherwise. The expression of and explanation of reasons supporting those conflicting expert

opinions will be helpful to the jury in deciding if Plaintiffs proved a tire defect that was the proximate cause of the death and injuries.

Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion to Strike and Exclude Opinions of Defendants' Expert, Kevin Breen, Doc. 66, is granted in part and denied in part as stated above.

2. That Plaintiffs' Motion to Strike and Exclude Opinions of Defendants' Expert, Joseph Dancy, Doc. 68, is granted in part and denied in part as stated above.

3. That Plaintiffs' Motion to Strike and Exclude Opinions of Defendants' Expert, Chuck Patrick, Doc. 70, is granted in part and denied in part as stated above.

4. That Defendants' Motion to Exclude Opinion of Plaintiffs' Tire Expert William Woehrle, Doc.79, is denied.

Dated this 12th day of May, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy