

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
**********************************************************************
                                  *
JUDITH McALLISTER-LEWIS,          *    CIV 14-4103
individually, and as Special Administrator *
of the Estate of Robert L. Lewis, Deceased, *
                                  *
       Plaintiffs,                *
                                  *
vs.                               *    ORDER ON
                                  *    DEFENDANTS' MOTIONS
GOODYEAR DUNLOP TIRES             *    FOR SUMMARY
NORTH AMERICA, LTD., an Ohio      *    JUDGMENT, Doc. 80, 83
limited liability company; and    *
THE GOODYEAR TIRE & RUBBER        *
COMPANY, an Ohio corporation,     *
                                  *
       Defendants.                *
                                  *
**********************************************************************
```

Defendants have moved for summary judgment on all eight claimed causes of action. The eight claimed causes of action are: First, Strict Products Liability - Design Defect; Second, Strict Products Liability - Manufacturing Defect; Third, Negligence; Fourth, Failure to Warn - Strict Liability; Fifth, Negligent Failure to Warn; Sixth, Breach of Implied Warranty of Merchantability; Seventh, Breach of Implied Warranty of Fitness; and Eighth, Loss of Consortium.

A summary of the facts is that Plaintiff Judith McAllister-Lewis was a passenger on the 2003 Harley-Davidson Ultra Classic Electra Glide Motorcycle being driven by her husband, the decedent, Robert L. Lewis. While traveling west on Interstate 90 in South Dakota on August 7, 2010, the rear tire failed. The tire was manufactured by Goodyear Dunlop Tires France, a non-party. The decedent lost control of the motorcycle and died as a result of the injuries from the resulting crash. Judith McAllister-Lewis also suffered injuries from the crash. Ms. McAllister-Lewis and her husband were pulling a two wheel trailer that had a cooler affixed to the tongue of the trailer ahead of the box on

the trailer.

The relationship of the non-party manufacturer of the tire to the Defendants is as follows: Defendant The Goodyear Tire & Rubber Company (Goodyear Tire & Rubber) in Document 32-1 submitted sworn information concerning the ownership of Goodyear Dunlop Tires France (Goodyear Dunlop France), the manufacturer of the tire in question. The result after going through ownership concerning Goodyear Dunlop Tires France is that Defendant The Goodyear Tire & Rubber Company, through other companies owns 75% of Goodyear Dunlop Tires France and Defendant Goodyear Dunlop Tires North America, Ltd., (Goodyear Dunlop) now Sumitomo Rubber Industries, Ltd. owns 25% of Goodyear Dunlop Tires France. The intervening holdings that result in Defendant The Goodyear Tire & Rubber Company owning 75% of Goodyear Dunlop Tires France involved: Property Leasing S.a.r.l.; Goodyear S.A. in Luxembourg; and Goodyear Canada Inc.

## DISCUSSION

Even though 75% of Goodyear Dunlop France is ultimately owned by Defendant Goodyear Tire & Rubber, the evidence in the case is that Goodyear Tire & Rubber did not design, import, distribute or sell the tire in question that says "Dunlop" on the sidewall as does the limited warranty card accompanying the sale of the tire. 75% ultimate ownership of another company, standing alone, does not without other factors, warrant a piercing of the corporate veil to bring potential liability to the parent company.

The Court will separately consider each claim for summary judgment as to each Defendant. Defendant Goodyear Dunlop had been purchased by Sumitomo Rubber USA, LLC. The operative facts of this case all took place while it was still Goodyear Dunlop, and for clarity the Court will continue to refer to the corporation by that name.

The first claimed cause of action is strict liability for design defect. Defendants argue Plaintiffs do not present evidence of a claim on that basis. Plaintiffs agree and that claim will be dismissed as to both Defendants.

The second claimed cause of action is for strict liability for a manufacturing defect. Neither of the Defendants manufactured the tire in question. The two Defendants do ultimately own the manufacturer of the tire, Goodyear Dunlop France, 75% being owned by Goodyear Tire & Rubber, and 25% being owned by Goodyear Dunlop. Goodyear Tire & Rubber did not import, distribute or sell the tire while Goodyear Dunlop did import, distribute and sell this tire at wholesale. SDCL 20-9-9 precludes strict liability claims for a middleman, referred to in SDCL 20-9-9 as a distributor, dealer, wholesaler or retail seller. Plaintiffs urge the adoption of the apparent manufacturer doctrine as stated in RESTATEMENT (SECOND) OF TORTS § 400 (1965). That statement has been superseded by RESTATEMENT (THIRD) OF TORTS: Products Liability § 14 (1998). The doctrine is that "One engaged in the business of selling or otherwise distributing products who sells or distributes as its own a product manufactured by another is subject to the same liability as though the seller or distributor were the product's manufacturer." The South Dakota Supreme Court has not ruled upon the conflict between SDCL 20-9-9 and the apparent manufacturer common law doctrine. SDCL 20-9-9 was enacted in 1979. It provides that a product's distributors, wholesalers, dealers or sellers are immune from strict liability except for manufacturers or those who knew, or in the exercise of ordinary care, should have known, of the latent defective condition of the product.[1] The Court finds that SDCL 20-9-9 is with regard to strict liability contrary to the apparent manufacturer doctrine and thus the apparent manufacturer doctrine with regard to strict liability would likely not be adopted if and when that issue is presented to the South Dakota Supreme Court.

---

[1] SDCL 20-9-9 provides: No cause of action based on the doctrine of strict liability in tort may be asserted or maintained against any distributor, wholesaler, dealer, or retail seller of a product which is alleged to contain or possess a latent defective condition unreasonably dangerous to the buyer, user, or consumer unless said distributor, wholesaler, dealer, or retail seller is also the manufacturer or assembler of said product or the maker of a component part of the final product, or unless said dealer, wholesaler, or retail seller knew, or, in the exercise of ordinary care, should have known, of the defective condition of the final product. Nothing in this section shall be construed to limit any other cause of action from being brought against any seller of a product.

The statute presents some questions with regard to strict liability design and strict liability warning claims. See Dugan, "Reflections on South Dakota's Trifurcated Law of Products Liability", 28 S.D. L. REV. 259, 271-276 (Spring, 1983). The strict liability design and strict liability warning claims are dismissed for lack of evidence so those conceptual difficulties are not presented in this case.

Defendant Goodyear Tire & Rubber has not been shown to have anything to do with the tire in question that would subject it to strict liability even if the apparent manufacturer doctrine was applied. As for Goodyear Dunlop, strict liability does not apply due to the application of SDCL 20-9-9. The claimed defect in the tire in question is a latent defect. Were it not for SDCL 20-9-9, and if the apparent manufacturer doctrine was applied, the strict liability claims would proceed against Goodyear Dunlop. Accordingly, the strict liability manufacturing defect claim, count two, is dismissed as to both Defendants. That result is consistent with what appears to be the intent of the South Dakota Legislature in adopting SDCL 20-9-9. The Legislature in enacting SDCL 20-9-9 did provide what amounts to a negligence exception which will be discussed with regard to count three, negligence.

The third cause of action is for negligence. An exception to SDCL 20-9-9 as applicable to this case is "unless said dealer, wholesaler, or retail seller knew, or in the exercise of ordinary care, should have known, of the defective condition of the final product." There is scant evidence that Goodyear Dunlop as the importer and distributor of this tire should have, in the exercise of ordinary care, known of the latent defect in this tire. However, taking the evidence in a light most favorable to the Plaintiffs, the Court will submit the negligence question to the jury, not as to negligent manufacturing, but instead, whether as a wholesaler Goodyear Dunlop knew, or in the exercise of ordinary care, should have known, of the defective condition of the tire in question.

Aside from the above reason for submission of the negligence claim, a discussion of the apparent manufacturer doctrine is that the apparent manufacturer doctrine would apply to Goodyear Dunlop as the tire itself and the accompanying literature call the tire a "Dunlop" tire and Goodyear Dunlop did import, distribute and sell by wholesale the tire as a Dunlop tire even though it was made by a non-party entity, Goodyear Dunlop France. As a result if the apparent manufacturer doctrine as limited were adopted, the negligence claim would proceed against Goodyear Dunlop. The reason the negligence claim would proceed is not that Goodyear Dunlop was 25% of Goodyear Dunlop France as no basis for piercing the corporate veil has been shown. Instead, the reason would be that Goodyear Dunlop held the Dunlop tire out as its own under the apparent manufacturer doctrine.

4

However, the inquiry on the negligence claim applying the apparent manufacturer doctrine as against Goodyear Dunlop does not end there. If the apparent manufacturer doctrine is applied it has to be applied in a manner as limited by SDCL 20-9-9 to preclude strict liability but not other claims. If not applied in that manner, then SDCL 20-9-9 would defeat the apparent manufacturer doctrine in its entirety. The apparent manufacturer doctrine is now in RESTATEMENT (THIRD) OF TORTS: Product Liability, Section 14 (1998). Comment B to that Restatement states:

> However, many jurisdictions by statute treat nonmanufacturers more leniently. See § 1, Comment e. To the extent that a statute specifies responsibilities, the statutory terms control. But to the extent that a statute does not, the rule in this Section states the common-law rule.

The proof of negligence to be consistent with SDCL 20-9-9 as it alters the common law apparent manufacturer rule could be that liability will be predicated upon negligence in placing the defective goods into the stream of commerce. See Model Uniform Product Liability Act, Section 105, (U.S. Department of Commerce 1979) 44 Fed. Reg. 6274 (1979) discussed in Dugan, 28 S.D. L. Rev. at 276. Applying that test, the issue submissible to a jury would be was there negligence in placing this allegedly latently defective tire into the stream of commerce. The stream of commerce theory appears to be similar to the enterprise theory of strict liability, a theory not yet adopted in South Dakota and one which appears to be contrary to SDCL 20-9-9. This makes it doubtful that even a limited apparent manufacturer doctrine would be adopted by the South Dakota Supreme Court. The negligence claim against Goodyear Dunlop is being submitted to the jury because of the exception in SDCL 20-9-9, so submission under a limited constructive manufacturer theory is not necessary and is not dispositive of this claim.

The negligence claim against Goodyear Tire & Rubber would be dismissed even with the apparent manufacturer doctrine as limited being applied as Goodyear Tire & Rubber did not import, distribute or sell the Dunlop tire in question. The negligence claim against Goodyear Tire & Rubber is dismissed as there is no showing of negligence on its part.

The record shows that Goodyear Tire & Rubber ultimately owns 75% of Goodyear Dunlop

France. Goodyear Tire & Rubber could ultimately exercise control by virtue of its majority ownership through the other wholly owned corporations, but there is no showing that the subsidiary is a dummy or a sham corporation or undercapitalized. No basis for piercing the corporate veil has been shown. *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1222 (10th Cir. 1997). As a result Goodyear Tire & Rubber is not estopped from denying that it was the manufacturer as there has been no showing warranting the piercing of the corporate veil. There may have been reliance upon a name in purchasing the tire but Dunlop is a name that was associated with the other Defendant, Goodyear Dunlop. Accordingly, the negligence claim against Goodyear Tire & Rubber must be dismissed.[2]

North Dakota also has statutes which more leniently treat the middleman in products liability cases. The North Dakota statutes, unlike SDCL 20-9-9, are not limited to strict liability product liability cases but instead are broader in scope and apply to any product liability claim that meets the broader definitions within the North Dakota statutes. *See Bornsen v. Pragotrade, LLC*, 804 N.W.2d 55 (N.D. 2011). (Holding North Dakota does not recognize apparent manufacturer doctrine given the North Dakota Product Liability Act and its statutory history.) SDCL 20-9-9 is limited to strict liability claims, so the South Dakota Supreme Court could recognize the common law doctrine of apparent manufacturer except as to strict liability claims which would be excluded from the apparent manufacturer doctrine to be in compliance with SDCL 20-9-9. For negligence claims to continue to exist under the apparent manufacturer doctrine, the negligence claim cannot be turned into what amounts to a strict liability claim, therefore the negligence claim must be limited to actually having negligently placed the defective product into the chain of commerce. It would be an unsupportable fiction to say pursuant to the apparent manufacturer doctrine that the manufacturing by the distributing Defendant was negligent as by definition there could be no such proof.

The Court considered referring the question of the interrelationship of SDCL 20-9-9 and the

---

[2] In *Torres v. Goodyear Tire & Rubber Co.*, 867 F.2d 1234 (8th Cir. 1989) the court refused to impose liability because defendant did not manufacture or sell the defective tire which bore defendant's name. The Ninth Circuit did refer a question to the Arizona Supreme Court as to whether Arizona would adopt the enterprise theory of strict liability, a theory which could expose a licensor to strict liability.

apparent manufacturer doctrine to the South Dakota Supreme Court as can be done pursuant to SDCL Ch. 15-24A. That question was certified by the United States District Court for the District of North Dakota and resulted in the *Bornsen* decision, *supra*. The question was dispositive of the lawsuit that was pending in Federal District Court in North Dakota. As can be seen by the analysis in this opinion, the application of the apparent manufacturer doctrine and excluding strict liability is still not determinative of any of the present claims because the counts that are being dismissed would be dismissed even if the apparent manufacturer doctrine as limited was not recognized by the South Dakota Supreme Court. As a result, the answer to the question of whether South Dakota would have a limited apparent manufacturer doctrine which excluded strict liability would be asking for a decision from the South Dakota Supreme Court that would be dicta to this decision. The issue must be determinative to be certified to the South Dakota Supreme Court. SDCL 15-24A-1.

The fourth claimed cause of action is the strict liability claim for failure to warn. That strict liability claim, just as the second count for strict liability, is dismissed because of SDCL 20-9-9 which precludes strict liability for the middleman that is not the manufacturer. As previously explained, the apparent manufacturer doctrine is not available to Plaintiffs on strict liability cases. In addition, there is no failure to warn expert testimony. In this case expert testimony on failure to warn is necessary as explained in the following negligent failure to warn discussion. The fourth cause of action is dismissed against Goodyear Dunlop and Goodyear Tire & Rubber.

The fifth claimed cause of action is a negligent failure to warn. None of the expert witnesses are qualified to nor claim to give adequacy of warning opinions. In most instances, including this case, under applicable South Dakota law, expert opinion is required for negligent failure to warn and strict liability failure to warn cases. *Donat v. Trek Bicycle,* 2016 WL 297436 (D.S.D. 2016). In cases where there is no warning of danger at all, or the warning is patently inadequate, expert testimony on failure to warn might not be necessary. That is not the case here as there are warnings in this case that are not clearly or patently inadequate. There is some question as to what exactly the warnings were, although the substance of each claimed version is do not pull a trailer behind your motorcycle and pay attention to tire condition and inflation with the rear tire fully inflated to 40 p.s.i.

if heavily loaded and the maximum load is indicated on the sidewall of the tire. There would have to be testimony from a qualified expert explaining how each of the warnings or inadequate warnings included with the tire was the legal cause of the death and injuries. *Burley v. Kytec Innovative Sports Equipment*, 737 N.W. 2d 397, 411 (S.D. 2007). There is no evidence to support the claim that there was a negligent failure to warn and that such failure to warn caused the crash and the resulting death and injuries. Accordingly, the fifth cause of action as to both Defendants is dismissed.

The sixth and seventh causes of action are breach of implied warranty as to merchantability as to the sixth claimed cause of action and as to breach of implied warranty of fitness as to the seventh cause of action. Goodyear Tire & Rubber is not an importer, distributor or seller so the apparent manufacturer doctrine as limited is not applicable to bring a claim against Goodyear Tire & Rubber. As a result, counts six and seven as against Goodyear Tire & Rubber are dismissed. Even though Goodyear Dunlop was not the manufacturer it was the importer, distributor and wholesale seller of the tire in question, and it need not be the manufacturer to make the implied warranties of fitness and merchantability. There is an attempt in the Motorcycle Tires Limited Warranty to limit personal injury damages and dismissing any negligence claims. Those limitations are prima facie unconscionable, SDCL 57A-2-719(3), and the Court under these circumstances finds them to be unconscionable. In addition, the same limited warranty document in whichever version attempts in small print to exclude all implied and express warranties except for limited tire replacement. The attempted exclusions are not conspicuous and they must be conspicuous. SDCL 57A-2-316(2). Those attempted exclusions are therefore unenforceable. The exclusion of any claim for damages arising from the negligence of Dunlop is unconscionable. SDCL 57A-2-302. *See Durham v. Ciba-Geigy Corp.*, 315 N.W.2d 696 (S.D. 1982) (disclaimer and exculpatory clause on farm crop herbicide held unconscionable). Accordingly, the claims against Goodyear Dunlop for breach of implied warranty of merchantability and breach of implied warranty as to fitness will proceed to trial.

The eighth claimed cause of action is that of Judith McAllister-Lewis for her loss of consortium. Under South Dakota law "loss of consortium pertains to the time between the accident

and death, and no such time existed in this case." as apparently is true in the present case. *Zoss v. Dakota Truck Underwriters*, 590 N.W.2d 911, 913 (S.D. 1999). The Court went on to state:

> This Court has long recognized that "there is no right ... to a loss of consortium action, derivative or independent, for the wrongful death of one's spouse." *Selchert v. Lien*, 371 N.W.2d 791, 794 (S.D. 1985); see also *Hoekstra v. Helgeland*, 78 S.D. 82, 111, 98 N.W.2d 669, 684 (1959) (stating that the wrongful death statute is an exclusive remedy). However, in a wrongful death action "the jury may give such damages as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought." SDCL 21-5-7. Moreover, this Court has consistently held that
>
>> pecuniary injury encompasses more than strictly economic losses in that it includes "the loss of decedent's companionship and society as expressed by, but not limited to, the words 'advice,' 'assistance,' and 'protection,'" but without consideration for the grief and mental anguish suffered by the beneficiaries because of the wrongful death."

Accordingly, the separate claimed cause of action, Count 8, will be dismissed if it is clear that no time existed between the accident and death. The loss of consortium claim for those separate damages will also be a part of the trial only if there is a pre-trial showing that there was time between the accident and death and that during that time Judith McAllister-Lewis was aware of the loss of consortium.

Accordingly,

IT IS ORDERED:

1. That Plaintiffs' First Cause of Action, Strict Products Liability - Design Defect, is dismissed as to both Defendants.

2. That Plaintiffs' Second Cause of Action, Strict Products Liability - Manufacturing Defect, is dismissed as to both Defendants.

3. That Plaintiffs' Third Cause of Action, Negligence, is dismissed as to The Goodyear Tire & Rubber Company and that claim will proceed to trial against Goodyear Dunlop Tires North America, Ltd.

4. That Plaintiffs' Fourth Cause of Action, Failure to Warn - Strict Liability, is dismissed as to both Defendants.

5. That Plaintiffs' Fifth Cause of Action, Negligent Failure to Warn, is dismissed as to both Defendants.

6. That Plaintiffs' Sixth Cause of Action, Breach of Implied Warranty of Merchantability, is dismissed as to Defendant The Goodyear Tire & Rubber Company and that claim will proceed to trial against Goodyear Dunlop Tires North America, Ltd.

7. That Plaintiffs' Seventh Cause of Action, Breach of Implied Warranty of Fitness, is dismissed as to Defendant The Goodyear Tire & Rubber Company and that claim will proceed to trial against Goodyear Dunlop Tires North America, Ltd.

8. That the individual claim of Judith McAllister-Lewis, the Eighth claim, Loss of Consortium, will proceed to trial against only Goodyear Dunlop Tires North America, Ltd. if there is a pre-trial showing that there was a time that existed between the accident and death and that during that time Judith McAllister-Lewis was aware of the loss of consortium.

9. That Defendant The Goodyear Tire & Rubber Company's Motion for Summary Judgment, Doc. 80, is granted.

10. That Defendant Goodyear Dunlop Tires North America, Ltd., a/k/a Sumitomo Rubber USA, LLC's, Motion for Summary Judgment, Doc. 83, is granted in part and denied in part.

Dated this 24th day of May, 2017.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Summer Wahyat* [signature]
Deputy