UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



*********************************************************************

JUDITH McALLISTER-LEWIS,
individually, and as Special Administrator
of the Estate of Robert L. Lewis, Deceased,

Plaintiffs,

vs.

GOODYEAR DUNLOP TIRES
NORTH AMERICA, LTD., an Ohio
limited liability company; and
THE GOODYEAR TIRE & RUBBER
COMPANY, an Ohio corporation,

Defendants.

CIV 14-4103

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE NO. 32

*********************************************************************

Pending before the Court is Plaintiffs' motion in limine number 32, in which Plaintiffs ask the Court to prohibit Defendants from impeaching Plaintiffs' expert witness, William Woehrle ("Woehrle"), with testimony he provided in a separate case entitled *Theis v. Wal-Mart, et al.*

During Woehrle's deposition in this case, Defendants' counsel questioned him about testimony he had provided in the *Theis* case.

> Q: The *Thies* case in Texas, do you remember that case?
> A: Yes.
> Q: What happened there?
> A: The - at trial the judge chose to dismiss the case before it was presented to the jury.
> Q: And actually, what happened in that case, is, was that you actually offered - you signed an affidavit saying that a tire was defective before you ever examined the tire, correct?

A: That's an incorrect characterization of what happened in that case. I'd be happy to explain it, if you're interested in the rest of the truth.

* * *

Q: So, sir, yes or no, you signed an affidavit saying that the tire in that case was defective before you conducted - before you ever saw that tire?
A: That is a mischaracteriza - -

MR. CENTRACCHIO: Just let me get in an objection ...objection as to relevancy as well as form and foundation of that question.

Q: You can go ahead and answer, sir.
A: That's a mischaracterization of what actually happened in there. I'd be happy to explain the rest of the truth, if you're interested. If you're not interested, we can move on.
Q: Well, let me just ask you this way then: In the *Thies* case you said the right rear tire was defective, correct?
A: Yeah, correct.
Q: And you signed an affidavit to that effect, correct?
A: Correct.
Q: At the time you signed that affidavit, you had not examined the right rear tire?

MR. CENTRACCHIO: Objection again as to relevancy.

A: That's correct.

(Doc. 120-16, Woehrle Dep. p. 39, lines 20-25; p.40, lines 1-6, lines 23-25; p. 41, lines 1-24). The plaintiff in *Theis* was riding in a Suburban when the driver drove off the road onto the dirt and gravel shoulder at 70 miles per hour. The Goodyear tire unseated from the rim when the driver steered to return to the road. Woehrle opined that paper-thin rubber flash caused an air leak sometime during the two days leading up to the crash, and the tire unseated because of low tire pressure. After hearing his trial testimony, the trial court reconsidered the decision to allow admission of Woehrle's testimony, and his testimony was stricken as unreliable.

Plaintiffs argue that this is improper impeachment and Defendants should be barred from questioning Mr. Woehrle about the *Theis* case during the trial of the present case.

Defendants contend that Woehrle's conduct in *Theis* is "very similar" to, and "the same" as his conduct in the present case because in both cases Woehrle "reached a defect conclusion first and tried to backfill the reasons second." Doc. 146 at 2. According to Defendants, Woehrle's conduct in the *Theis* case "shows that his conduct here is not an isolated incident, that his opinion lacks credibility, and that the jury should not give it any weight." *Id.* Defendants cite no authority indicating that such evidence is admissible to impeach an expert witness' trial testimony, and the Court is not aware of any authority for it.[1]

Even assuming the *Theis* evidence is proper impeachment material, the factual basis of Woehrle's opinions in the *Theis* case is wholly unrelated to the present case. *Theis* involved a car tire, not a motorcycle tire, and the alleged defect is different. The facts in *Theis* are too dissimilar to allow Woehrle's testimony in that trial to be used to impeach his opinions during the trial in this case.[2] Defendants may challenge the factual basis of Woehrle's opinions in this case by cross-examining him about those opinions at trial, but not about his opinions in *Theis*.

The Court is guided by Judge Bennett's ruling in *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F.Supp.2d 1111 (N.D. Iowa 2013). There, the defendants argued that evidence that the plaintiff's expert witnesses had previously been prevented from testifying at trial (adverse

---

[1] It appears that Defendants want to show Woehrle's analysis in *Theis* failed to meet the requirements of admissibility under Rule 702 and *Daubert*. While it may be appropriate to challenge the qualifications of an expert by submitting other courts' decisions addressing that issue, *see, e.g., Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 847-48 (5th Cir. 2010), this Court already has found that Woehrle's testimony in this case is sufficiently reliable to be admitted under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Doc. 116.) If new concerns arise during the trial that cause the Court to reconsider its *Daubert* ruling on the admissibility of Woehrle's expert testimony, they will be addressed at that time.

[2] Defendants submitted copies of the relevant portion of Woehrle's trial testimony in *Theis* and an appellate brief filed in the *Theis* case. Docs. 146-1, 146-2. Other than a claim in *Theis* that an unreasonably dangerous manufacturing defect in a tire caused an accident and the plaintiff's injuries and damages, the facts are different from those in the present case. Defendants' submissions assisted the Court in ruling on this motion and, therefore, Plaintiffs' motion to strike the documents, doc. 149, will be denied.

3

*Daubert* rulings) goes directly to the credibility of the experts and should be fodder for cross examination. Judge Bennett disagreed, stating:

> I have already denied Kawasaki's pretrial motion to exclude Mr. Ezra's testimony on *Daubert* grounds. An attempt to present a *Daubert* ruling of another court regarding Mr. Ezra would be an attempt to circumvent my role as the "gatekeeper" *in this case* by asking the jurors to substitute for mine the judgment of another court, in another case, about whether or not an expert is qualified. Also, allowing such evidence would, inevitably, result in delay, while the parties conduct a "mini-trial" over the issues on which a party in a previous case sought to qualify Mr. Ezra as an expert, the extent to which he was offered as an expert on the same or different issues in this case and the previous case, any differences in his methodology or reasoning between this case and the previous case, and the precise scope and rationale for the previous court's exclusion. FED.R.EVID. 403 (relevant evidence may be excluded because of its tendency to confuse the issues, mislead the jury, or cause undue delay and waste of time). Finally, as I noted, above, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Vesey*, 338 F.3d at 917 (quoting *Daubert*, 509 U.S. at 595–96, 113 S.Ct. 2786). However, nothing about this principle suggests that "vigorous cross-examination" includes impeachment with a prior court's exclusion of the witness pursuant to the *Daubert* standards. Rather, it means that Kawasaki is free to cross-examine, vigorously, Mr. Ezra's opinions *in this case*, based on his reasoning, methodology, and the facts and assumptions on which he relied *in this case*.

*Id.* at 1152 (emphasis in the original). Here, Defendants' obvious purpose for wanting to cross-examine Woehrle about the *Theis* case is to convince the jury that, because his testimony was discredited by the trial court in *Theis*, the jury should discredit it in this case. Presentation of that information would create unfair prejudice to Plaintiffs because the jury might give undue weight to Woehrle's involvement in *Theis*. Additionally, a "mini-trial" would be needed to explain the similarities and differences between the two cases. Wading into the facts of the *Theis* case is likely to cause juror confusion and would be unproductive. For these reasons the *Theis* "impeachment" evidence should be excluded under Rule 403 of the Federal Rules of Evidence.[3] Accordingly,

---

[3] Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED.R.EVID. 403.

4

**IT IS ORDERED**:

1. That Plaintiff's Motion in Limine No. 32 in Doc. 120 regarding impeachment of Mr. Woehrle is granted, and Defendants are prohibited from impeaching Woehrle with any information from the *Theis* case;

2. That the Court now has ruled on all of the Plaintiffs' Omnibus Motions in Limine in Doc. 120, and the Clerk of Court may satisfy that motion; and

3. That Plaintiffs' motion to strike Defendants' supplemental filing containing information about the *Theis* case, doc. 149, is denied.

Dated this 11th day of October, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy