UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*****************************************************************

| | | |
|---|---|---|
| JUDITH McALLISTER-LEWIS, individually, and as Special Administrator of the Estate of Robert L. Lewis, Deceased, | * * * * | CIV 14-4103 |
| Plaintiffs, | * * | |
| vs. | * * | ORDER |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., an Ohio limited liability company, | * * * * | |
| Defendant. | * * | |

*****************************************************************

Pending before the Court are Plaintiffs' Motion to Compel Live Trial Testimony of Joseph Dancy and Michael Manning, (doc. 157) and Defendant's Motion to Quash Subpoena of Joseph Dancy, (doc. 165).

Defendant Goodyear intends to bring its Rule 30(b)(6) witness, Joseph Dancy, who is additionally acting as Goodyear's Rule 26 expert witness, as a live witness during Goodyear's case-in-chief. Goodyear will not agree to produce Mr. Dancy as a live witness during Plaintiffs' case-in-chief. Plaintiffs ask the Court to compel Goodyear to produce Mr. Dancy, and they have also served Mr. Dancy with a subpoena to appear at a deposition on May 22, 2018 in Canton, Ohio. Defendants ask the Court to quash the subpoena of Mr. Dancy.

Both parties refer to a deposition of Mr. Manning, but Plaintiffs did not designate portions of his deposition testimony to be read at trial, and Defendant has decided not to call Mr. Manning

at trial. Plaintiffs ask the Court to allow them to read Mr. Manning's deposition testimony at trial, or to take his trial testimony, or to compel Mr. Manning to testify for Plaintiff live at trial.

Mr. Manning

As Plaintiffs point out, if Mr. Manning was high-level employee or officer of Defendant, the Court could compel him to appear and testify at trial even though he resides outside this district and beyond the 100–mile limit of Rule 45. *See, e.g., Am. Fed'n of Gov't Employees Local 922 v. Ashcroft*, 354 F. Supp. 2d 909, 915 (E.D. Ark. 2003). But Plaintiffs have made no showing that Mr. Manning is a high-level employee. Thus the Court will deny Plaintiffs' motion to compel Mr. Manning's testimony at trial but will allow Plaintiffs to use his deposition testimony at trial.

Mr. Dancy

The Court will keep Plaintiffs' case in chief open until Mr. Dancy is called as a witness during Defendant's case-in-chief. When Defendant concludes direct examination of Mr. Dancy, Plaintiffs may cross-examine Mr. Dancy but will not be limited to the subject matter of the direct examination.

Plaintiffs' motions for judgment as a matter of law under Rule 50, if any, can be made after Mr. Dancy's testimony has concluded. If Plaintiffs' punitive damage claim survives the Rule 50 motions, then the Court will allow evidence of Defendant's net worth to be presented to the jury after that ruling is made. No such evidence is to be mentioned before that time. Accordingly,

**IT IS ORDERED:**

1. That Plaintiffs' Motion to Compel Live Trial Testimony, doc. 157, is denied as to Mr. Manning and granted as to Mr. Dancy to the extent set forth above.

2. That Defendants' Motion to Quash Subpoena of Mr. Dancy, doc. 165, is granted.

Dated this 17th day of May, 2018.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: /s/ Deb Petor
Deputy

3